Filed 1/31/25  P. v. Reece CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, <br><br>     Plaintiff and Respondent, <br><br> v. <br><br> NORRIS LARUE REECE, <br><br>     Defendant and Appellant. | B328717 <br><br> Los Angeles County <br> Super. Ct. No. A363127-01 |

APPEAL from orders of the Superior Court of Los Angeles County.  Laura F. Priver, Judge.  Reversed and remanded.

Steven S. Lubliner, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.

———————————————

A court sentenced Norris Larue Reece to more than 98 years in prison for offenses he committed when he was 16 years old. Reece filed two petitions for recall and resentencing under Penal Code section 1170, subdivision (d) (section 1170(d)).[1] Reece relied on *People v. Heard* (2022) 83 Cal.App.5th 608 (*Heard*), which held juvenile offenders sentenced to terms that are functionally equivalent to life without the possibility of parole (LWOP) are entitled to section 1170(d) relief under the constitutional guarantee of equal protection. We recently came to the same conclusion in *People v. Sorto* (2024) 104 Cal.App.5th 435 (*Sorto*).

The Attorney General concedes reversal is required under *Heard* and *Sorto*. We agree. We reverse the orders denying Reece's petitions and remand the case for further proceedings under section 1170(d).

## FACTUAL AND PROCEDURAL BACKGROUND

In 1982, a jury convicted Reece of attempted robbery, residential burglary, involuntary manslaughter, five counts of robbery, and three counts of murder.[2] Reece was 16 years old when he committed the offenses. The trial court sentenced Reece to 17 years and six months plus 81 years to life.

In 2023, Reece—acting without counsel—filed a petition for recall and resentencing under section 1170(d). Reece argued that, under *Heard, supra*, 83 Cal.App.5th 608, he is entitled to relief because he was sentenced to the functional equivalent of LWOP for crimes he committed when he was 16 years old.

---

[1] Undesignated statutory references are to the Penal Code.

[2] The facts underlying the convictions are not relevant to this appeal, so we do not summarize them here.

The trial court misconstrued the petition as a request for recall of the sentence under section 1172.1, which it denied for lack of jurisdiction.

Reece filed a petition for writ of habeas corpus in this court challenging the denial of his petition. We construed the petition as a timely notice of appeal.

While Reece's appeal was pending, he retained counsel who filed a new petition for recall and resentencing under section 1170(d). Reece again argued he is entitled to relief under *Heard, supra*, 83 Cal.App.5th 608, because he was sentenced to the functional equivalent of LWOP.

The trial court concluded Reece is ineligible for relief and denied his petition. The court distinguished *Heard* on the ground that—unlike the petitioner in that case—Reece had already had a parole hearing under section 3051. Therefore, the court reasoned, he is not currently serving the functional equivalent of an LWOP sentence. The court stated it did not believe the Legislature or the *Heard* court intended section 1170(d) to apply to offenders who are eligible for parole hearings under section 3051.

Reece appealed the order denying his petition. We consolidated that appeal with Reece's pending appeal.

## DISCUSSION

Reece argues the trial court erred by denying his section 1170(d) petition on the ground that he was not sentenced to—and is not currently serving—an LWOP term. Reece concedes section 1170(d) expressly applies only to juvenile offenders sentenced to explicit LWOP terms. Nevertheless, he argues the statute violates the equal protection clauses of the federal

3

and state constitutions to the extent it denies relief to juvenile offenders sentenced to the functional equivalent of LWOP.

1. ***Relevant law***

   a. *Equal protection*

The Fourteenth Amendment to the United States Constitution and article 1, section 7 of the California Constitution prohibit the denial of equal protection of the laws. (U.S. Const., 14th Amend., § 1; Cal. Const., art. I, § 7, subd. (a).) "At core, the requirement of equal protection ensures that the government does not treat a group of people unequally without some justification." (*People v. Chatman* (2018) 4 Cal.5th 277, 288.) Where, as here, the challenged law is not based on a suspect classification and does not burden fundamental rights, the law denies equal protection "only if there is no *rational* relationship between a disparity in treatment and some legitimate government purpose." (*Id*. at pp. 288–289; see *Heard, supra*, 83 Cal.App.5th at pp. 631–634 [applying rational basis review to a claim that section 1170(d) violates equal protection].) We independently review equal protection claims. (*People v. Morales* (2021) 67 Cal.App.5th 326, 345.)

   b. *Section 1170(d) and related law*

In *Graham v. Florida* (2010) 560 U.S. 48, our nation's high court held the Eighth Amendment prohibits LWOP sentences for juvenile offenders who committed non-homicide offenses. (*Id*. at p. 82.) In response to *Graham*, the Legislature enacted section 1170(d), creating a recall and resentencing procedure for certain juvenile offenders sentenced to LWOP terms. (See *In re Kirchner* (2017) 2 Cal.5th 1040, 1049–1050.)

Section 1170(d) provides, in relevant part, "[w]hen a defendant who was under 18 years of age at the time of the

4

commission of the offense for which the defendant was sentenced to imprisonment for life without the possibility of parole has been incarcerated for at least 15 years, the defendant may submit to the sentencing court a petition for recall and resentencing." (§ 1170, subd. (d)(1)(A).) The petition must include a statement describing the defendant's remorse, identifying any work towards rehabilitation, and stating one of four qualifying circumstances is true. (*Id.*, subd. (d)(2).) Courts must recall the sentence of any defendant who meets the eligibility criteria. (*Id.*, subd. (d)(5).) The court must then hold a hearing "to resentence the defendant in the same manner as if the defendant had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence." (*Ibid.*)

      c.    *Section 3051*

Section 3051 requires the Board of Parole Hearings to conduct a "youth offender parole hearing" at specified times during the incarceration of certain youthful offenders. (See § 3051, subds. (a)(1), (b).) As relevant to this case, young adult and juvenile offenders convicted of a controlling offense "for which the sentence is a life term of 25 years to life shall be eligible for release on parole at a youth offender parole hearing during the person's 25th year of incarceration." (*Id.*, subd. (b)(3).) As of January 1, 2018, most juvenile offenders sentenced to explicit LWOP terms are also eligible for parole during their 25th year of incarceration. (*Id.*, subd. (b)(4), as amended by Stats. 2017, ch. 684, § 1.5.)

**2.    *Section 1170(d)'s exclusion of functionally equivalent LWOP offenders violates equal protection***

The court in *Heard, supra*, 83 Cal.App.5th 608, decided the precise equal protection issue that Reece raises in this case.

5

In *Heard*, a court had sentenced the defendant to 23 years plus 80 years to life for crimes he committed when he was 15 years old. (*Id*. at p. 612.) The defendant petitioned for relief under section 1170(d) after serving 15 years of his sentence. The trial court denied the petition, finding the defendant ineligible for relief because he had not been sentenced to an explicit LWOP term. (*Heard*, at p. 612.)

The Court of Appeal reversed on equal protection grounds. The court rejected the Attorney General's argument that the defendant was not eligible for relief under section 1170(d) because "section 3051 has ' "reformed" ' [the defendant's] sentence so that it is no longer the functional equivalent of life without parole." (*Heard, supra*, 83 Cal.App.5th at pp. 612, 628.) The court explained that section 1170(d) does not expressly require that the defendant currently be serving an LWOP sentence. (*Heard*, at pp. 629–630.) Instead, it requires only that the defendant "*was sentenced*" to an LWOP term. (*Id*. at p. 629; see § 1170, subd. (d)(1)(A).) The court also was "unable to identify a rational basis for making juveniles sentenced to an explicitly designated life without parole term, but not juveniles sentenced to the functional equivalent of life without parole, eligible to petition for resentencing under section 1170, subdivision (d)(1)." (*Heard*, at p. 633.) Accordingly, the court held denying functionally equivalent LWOP offenders the opportunity to petition for relief under section 1170(d) violates their right to equal protection of the laws. (*Heard*, at pp. 633–634.)

We recently came to the same conclusion in *Sorto, supra*, 104 Cal.App.5th 435. In that case, the defendant was sentenced to 140 years to life for crimes he committed when he was 15 years

old.  The trial court denied the defendant's section 1170(d) petition on the ground that he is not currently serving a functionally equivalent LWOP term because he is eligible for a parole hearing under section 3051.  (*Sorto*, at pp. 440–441.)  We reversed, explaining the plain language of section 1170(d) does not require that the defendant currently be serving an LWOP sentence.  (*Sorto*, at p. 454; see *People v. Lopez* (2016) 4 Cal.App.5th 649, 653–654 [the plain language of section 1170(d) requires only that the defendant " 'was sentenced' " to an LWOP term, not that he is currently serving an LWOP term].)  We then rejected the Attorney General's proposed justifications for the unequal treatment of functionally equivalent LWOP offenders. (*Sorto*, at pp. 450–454.)  Like the *Heard* court, we were unable to identify a rational basis for the Legislature to grant relief to explicit LWOP offenders while denying it to functionally equivalent LWOP offenders.  (*Sorto*, at p. 454.)

In this case, the Attorney General concedes that Reece was sentenced to a functionally equivalent LWOP term.  He also concedes that, under *Heard* and *Sorto*, the trial court erred by denying Reece's petitions on the ground that he is not currently serving an LWOP term or its functional equivalent.

We accept the Attorney General's concession and agree that the trial court erred.  We express no opinion on whether Reece has met section 1170(d)'s other requirements.  Nor do we express an opinion on what relief the court should grant if it concludes Reece is eligible for recall and resentencing.  On remand, the trial court shall consider those issues for the first time.

## DISPOSITION

We reverse the orders denying Reece's petitions for relief under section 1170(d).  On remand, the court shall reconsider Reece's petitions in accordance with this opinion.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EGERTON, J.

We concur:

EDMON, P. J.

ADAMS, J.